UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:
274 ATLANTIC ISLES, LLC,

    Debtor.
_____/

ERIC R. SCHWARTZ, as Trustee UTA
dated 3/4/2019,

    Plaintiff,

v.

ISAAC HALWANI; GISELLE HALWANI; 274 ATLANTIC ISLES, LLC, a Delaware Limited Liability Company; John Doe; and Jane Doe, unknown parties in possession, if any,

    Defendants.
_____/

Case No. 22-14810-LMI
Chapter 11

Adv. Pro. No.: 22-01199-LMI

274 ATLANTIC ISLES, LLC,

    Defendant/Counter-Plaintiff,

v.

ERIC R. SCHWARTZ, AS TRUSTEE UTA dated 3/4/2019,

    Plaintiff/Counter-Defendant.
_____/

274 ATLANTIC ISLES, LLC,

    Defendant/Third-Party Plaintiff

v.

BRIAN M. GAINES and LBM ENTERPRISES, LLC,

    Third-Party Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**<u>SECOND AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT</u>**

Counter-Defendant Brian M. Gaines, as Trustee UTA, dated 3/4/2019 and Third-Party Defendants Brian M. Gaines and LBM Enterprises, LLC (together, "Counter-Defendants"), by and through undersigned counsel, hereby answers and asserts affirmative defenses to the Second Amended Counterclaim and Third-Party Complaint (the "Counterclaim") brought by Counter-Plaintiff 274 Atlantic Isles, LLC ("Counter-Plaintiff").

## ANSWER

In Answer to the Counterclaim, Counter-Defendants allege as follows:

1. Counter-Defendants admit that this purports to be an action declaratory relief, quiet title, rescission, and damages, but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 1 of the Counterclaim that are not expressly admitted.

2. Counter-Defendants admit that Counter-Plaintiff is a Delaware limited liability company that filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code but deny all other allegations in Paragraph 2 of the Counterclaim that are not expressly admitted.

3. Counter-Defendants admit that Isaac Halwani filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code but deny all other allegations in Paragraph 3 of the Counterclaim that are not expressly admitted.

4. Counter-Defendants admit that Giselle Halwani filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code but deny all other allegations in Paragraph 4 of the Counterclaim that are not expressly admitted.

5. Counter-Defendants admit the allegations in Paragraph 5 of the Counterclaim.

6. Counter-Defendants admit the allegations of Paragraph 6 of the Counterclaim.

7. Counter-Defendants admit the allegations of Paragraph 7 of the Counterclaim.

8. Counter-Defendants admit that the Court has subject matter jurisdiction over this action but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 8 of the Counterclaim that are not expressly admitted.

9. Counter-Defendant deny the allegations of Paragraph 9 of the Counterclaim.

10. Counter-Defendants admit that venue is proper in this Court but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 10 of the Counterclaim that are not expressly admitted.

11. Counter-Defendants deny the allegations of Paragraph 11 of the Counterclaim.

12. Counter-Defendants are without knowledge of and therefore deny the allegations Paragraph 12 of the Counterclaim.

## GENERAL ALLEGATIONS

13. Counter-Defendants are without knowledge of and therefore deny the allegations Paragraph 13 of the Counterclaim.

14. Counter-Defendants admit the allegations of Paragraph 14 of the Counterclaim.

15. Counter-Defendants admit the allegations of Paragraph 15 of the Counterclaim.

16. Counter-Defendants admit the allegations of Paragraph 16 of the Counterclaim.

17. Counter-Defendants admit the allegations of Paragraph 17 of the Counterclaim.

18. Counter-Defendants admit the allegations of Paragraph 18 of the Counterclaim.

19. Counter-Defendants admit the allegations of Paragraph 19 of the Counterclaim.

20. Counter-Defendants admit the allegations of Paragraph 20 of the Counterclaim.

21. Counter-Defendants admit the allegations of Paragraph 21 of the Counterclaim.

22. Counter-Defendants admit the allegations of Paragraph 22 of the Counterclaim.

23. Counter-Defendants admit that on or about December 18, 2020, the Trustee, Counter-Plaintiff, and certain other parties executed a Forbearance Agreement, and further admit that there was a default existing under the Loan Documents at the time the Forbearance Agreement was executed, but refer to the Forbearance Agreement for the contents thereof and otherwise deny all allegations in Paragraph 23 of the Counterclaim that are not expressly admitted.

24. Counter-Defendants admit that the Counter-Defendants are not licensed mortgage lenders, brokers, or originators but deny all allegations in Paragraph 24 of the Counterclaim that are not expressly admitted.

25. Counter-Defendants deny the allegations of Paragraph 25 of the Counterclaim.

26. Counter-Defendants admit that Counter-Plaintiff executed the Deed in Lieu of Foreclosure but deny all other allegations in Paragraph 26 of the Counterclaim that are not expressly admitted.

27. Counter-Defendants refer to the Forbearance Agreement for the contents thereof and otherwise denies all allegations in Paragraph 27 of the Counterclaim that are not expressly admitted.

28. Counter-Defendants deny the allegations of paragraph 28 of the Counterclaim.

29. Counter-Defendants deny the allegations of paragraph 29 of the Counterclaim.

30. Counter-Defendants deny the allegations of paragraph 30 of the Counterclaim.

31. Counter-Defendants deny the allegations of paragraph 31 of the Counterclaim.

32. Counter-Defendants deny the allegations of paragraph 32 of the Counterclaim.

33. Counter-Defendants deny the allegations of paragraph 33 of the Counterclaim.

34. Counter-Defendants admit that the Trustee recorded the contractually negotiated Deed in Lieu of Foreclosure but deny all other allegations in Paragraph 24 of the Counterclaim that are not expressly admitted.

35. Counter-Defendants admit the allegations of paragraph 35 of the Counterclaim.

36. Counter-Defendants deny the allegations of paragraph 36 of the Counterclaim.

37. Counter-Defendants deny the allegations of paragraph 37 of the Counterclaim.

38. Counter-Defendants deny the allegations of paragraph 38 of the Counterclaim.

39. Counter-Defendants admit the allegations of paragraph 39 of the Counterclaim.

40. Counter-Defendants admit that the Vehicle was a gift to Gaines but deny all other allegations in Paragraph 40 of the Counterclaim that are not expressly admitted

41. Counter-Defendants admit that the recorded Deed in Lieu of Foreclosure is valid and vests title in the Trust but deny all other allegations in Paragraph 41 of the Counterclaim that are not expressly admitted.

42. Counter-Defendants admit that Counter-Plaintiff requested a payoff with respect to the Mortgage but denies all other allegations in Paragraph 42 of the Counterclaim that are not expressly admitted.

43. Counter-Defendants admit that the Trustee provided Counter-Plaintiff with an estoppel with respect to the Mortgage as requested but deny all other allegations in Paragraph 43 of the Counterclaim that are not expressly admitted.

44. Counter-Defendants deny the allegations of paragraph 44 of the Counterclaim.

45. Counter-Defendants admit that they did not accept a payoff for the Mortgage but deny all other allegations in Paragraph 45 of the Counterclaim that are not expressly admitted.

46. Counter-Defendants admit the allegations of paragraph 46 of the Counterclaim.

## COUNT I
### DECLARATORY ACTION AS TO DIL UNDER FLA. STAT. § 697.01
### AGAINST BRIAN M. GAINES, AS TRUSTEE UTA DATED MARCH 4, 2019

47. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

48. Counter-Defendants admit that Counter-Plaintiff seeks declaratory judgment, but deny that Counter-Plaintiff is entitled to any relief whatsoever and denies all allegations in Paragraph 48 of the Counterclaim that are not expressly admitted.

49. Counter-Defendants deny the allegations of paragraph 49 of the Counterclaim.

50. Counter-Defendants deny the allegations of paragraph 50 of the Counterclaim.

51. Counter-Defendants deny the allegations of paragraph 51 of the Counterclaim.

52. Counter-Defendants deny the allegations of paragraph 52 of the Counterclaim.

## COUNT II
### QUIET TITLE
### AGAINST BRIAN M. GAINES, AS TRUSTEE UTA DATED MARCH 4, 2019

53. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

54. Counter-Defendants are without knowledge of and therefore denies the allegations of paragraph 54 of the Counterclaim.

55. Counter-Defendants deny the allegations of paragraph 55 of the Counterclaim.

56. Counter-Defendants deny the allegations of paragraph 56 of the Counterclaim.

57. Counter-Defendants deny the allegations of paragraph 57 of the Counterclaim.

58. Counter-Defendants deny the allegations of paragraph 58 of the Counterclaim.

## COUNT III
## RESCISSION OF DEED IN LIEU OF FORECLOSURE
## AGAINST BRIAN M. GAINES, AS TRUSTEE UTA DATED MARCH 4, 2019

59. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

60. Counter-Defendants admit that Counter-Plaintiff seeks to rescind the Deed in Lieu of Foreclosure but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 60 of the Counterclaim that are not expressly admitted.

61. Counter-Defendants admit that the Trust held mortgages and notes from Counter-Plaintiff but and deny all allegations in Paragraph 61 of the Counterclaim that are not expressly admitted.

62. Counter-Defendants deny the allegations of paragraph 62 of the Counterclaim.

63. Counter-Defendants deny the allegations of paragraph 63 of the Counterclaim.

64. Counter-Defendants deny the allegations of paragraph 64 of the Counterclaim.

65. Counter-Defendants deny the allegations of paragraph 65 of the Counterclaim.

66. Counter-Defendants deny the allegations of paragraph 66 of the Counterclaim.

67. Counter-Defendants deny the allegations of paragraph 67 of the Counterclaim.

## COUNT IV
## UNJUST ENRICHMENT
## AGAINST BRIAN M. GAINES, AS TRUSTEE UTA DATED MARCH 4, 2019

68. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

69. Counter-Defendants admit that Counter-Plaintiff seeks damages but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 69 of the Counterclaim that are not expressly admitted.

70. Counter-Defendants admit the allegations of paragraph 70 of the Counterclaim.

71. Counter-Defendants admit the allegations of paragraph 71 of the Counterclaim.

72. Counter-Defendants admit the allegations of paragraph 72 of the Counterclaim

73. Counter-Defendants deny the allegations of paragraph 73 of the Counterclaim.

74. Counter-Defendants admit the allegations of paragraph 74 of the Counterclaim.

75. Counter-Defendants deny the allegations of paragraph 75 of the Counterclaim.

76. Counter-Defendants deny the allegations of paragraph 76 of the Counterclaim.

77. Counter-Defendants deny the allegations of paragraph 77 of the Counterclaim.

78. Counter-Defendants deny the allegations of paragraph 78 of the Counterclaim.

79. Counter-Defendants deny the allegations of paragraph 79 of the Counterclaim.

80. Counter-Defendants deny the allegations of paragraph 80 of the Counterclaim.

81. Counter-Defendants deny the allegations of paragraph 81 of the Counterclaim.

**COUNT V**
**DECLARATORY ACTION AS TO ESTOPPELUNDER FLA. STAT. § 701.04**
**AGAINST ERIC R. SCHWARTZ, AS TRUSTEE UTA DATED MARCH 4, 2019**

82. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

83. Counter-Defendants admit that Counter-Plaintiff seeks declaratory judgment but deny that Counter-Plaintiff is entitled to any relief whatsoever and deny all allegations in Paragraph 83 of the Counterclaim that are not expressly admitted.

84. Counter-Defendants deny the allegations of paragraph 84 of the Counterclaim.

85. Counter-Defendants deny the allegations of paragraph 85 of the Counterclaim.

86. Counter-Defendants deny the allegations of paragraph 86 of the Counterclaim.

87. Counter-Defendants deny the allegations of paragraph 87 of the Counterclaim.

88. Counter-Defendants deny the allegations of paragraph 88 of the Counterclaim.

## COUNT VI
## AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER
## UNDER 11 U.S.C. §§ 548(a)(1)(B) and 550(a) AGAINST BRIAN M. GAINES,
## AS SUCCESSOR TRUSTEE UTA DATED MARCH 4, 2019
## (THE PROPERTY)

89. Counter-Defendants reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

90. Counter-Defendants deny the allegations of paragraph 90 of the Counterclaim.

91. Counter-Defendants deny the allegations of paragraph 91 of the Counterclaim.

92. Counter-Defendants deny the allegations of paragraph 92 of the Counterclaim.

## COUNT IX
## UNJUST ENRICHMENT AGAINST LBM
## (IN THE ALTERNATIVE)

103. Counter-Defendant reallege the allegations contained in Paragraphs 1 through 46 above as though fully set forth herein.

104. Counter-Defendants deny the allegations of paragraph 104 of the Counterclaim.

105. Counter-Defendants deny the allegations of paragraph 104 of the Counterclaim.

106. Counter-Defendants deny the allegations of paragraph 104 of the Counterclaim.

107. Counter-Defendants deny the allegations of paragraph 104 of the Counterclaim.

108. Counter-Defendants deny the allegations of paragraph 104 of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. Counter-Plaintiff or its agents ratified the Deed in Lieu of Foreclosure by, among other things, making payments in the amount of $100,000 toward a leasehold interest in the property after the Trust took title.

2. Any alleged oral agreement between Counter-Plaintiff and the Trust regarding "retracting the DIL and recording something in the Official Records of Miami-Dade County stating same" is barred by the statute of frauds.

3. Counter-Plaintiff is equitably estopped from challenging the Deed in Lieu of Foreclosure based on (i) its representations that the Loan Documents were in default, that the default would be cured, and that the Trust would be entitled to record the Deed in Lieu of Foreclosure and take title to the property if the default were not cured; (ii) the Trust's reliance on these representations; and (iii) Counter-Plaintiff's change in position after the Deed in Lieu of Foreclosure was recorded.

4. As a business entity managed by sophisticated businesspeople, Counter-Plaintiff could not have reasonably relied on any statement or omission by Counter-Defendants regarding the Deed in Lieu of Foreclosure that Counter-Plaintiff alleges as a basis to rescind the Deed in Lieu of Foreclosure.

5. Counter-Plaintiff voluntarily and knowingly relinquished any right (*i.e.,* waiver) to, among other things, contest the default under Loan Documents or to exercise its right of redemption by signing the Forbearance Agreement.

6. Counter-Plaintiff has failed to cure many if not all of the defaults under the Loan Documents.

7. Counter-Plaintiff does not have standing to sue for quiet title as it is not the record title owner of the property or to recover transfers or obtain relief to the extent it is not the transferor.

8. Each of the transfers in question referenced within the Counterclaim were made for fair consideration, in that the respective parties (a) conveyed property in exchange for each transfer or made these transfers to discharge an antecedent debt, (b) received money or property that was

of reasonably equivalent value to the property transferred by each respective party, and/or (c) made each transfer or exchange in good faith.

9. None of the transferors of the transfers in question referenced within the Counterclaim were insolvent and would not have been likely or actually rendered insolvent by any of the transfers in question and referenced within the Counterclaim.

10. Counter-Defendants did not engage in any transfers of property with the intent to defraud creditors, but instead acted in good faith at all times material hereto.

11. Equitable principles, including but not limited to unjust enrichment, unclean hands and in pari delicto, dictate that Counter-Plaintiffs' recovery should be barred in whole or in part based upon their own wrongdoing and fraudulent conduct.

12. Each of the transfers in question referenced within the Counterclaim were made for reasonably equivalent value.

13. Counter-Defendants were a bona fide purchaser of property and/or good-faith transferee.

WHEREFORE, Counter-Defendants respectfully request that the Court grant the following relief:

(a) Dismiss the Counterclaim in its entirety;

(b) Enter judgment in favor of Counter-Defendants and against Counter-Plaintiff on the Counterclaim;

(c) Award Counter-Defendants their attorneys' fees, costs, and expenses in the amount and manner permitted by applicable law; and

(d) Award such other and further relief as the Court deems just and proper.

Case No. 22-01199-LMI

Pursuant to Local Rule 9011-4(B)(2), I hereby certify that the undersigned attorney is appearing pro hac vice in this matter pursuant to court order dated July 5, 2022.

        Respectfully submitted,

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
BRODSKY FOTIU-WOJTOWICZ, PLLC
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
robert@bfwlegal.com
docketing@bfwlegal.com

-and-

Meaghan E. Murphy, Esquire
Florida Bar No. 102770
mmurphy@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Attorneys for Counter-Defendants*

Case No. 22-01199-LMI

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served via CM/ECF Notification to all parties registered to receive electronic notice on September 7, 2022.

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.